IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-381-D

| | |
|---|---|
| DARRICK E. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Darrick E. Brown ("plaintiff") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability, disability insurance benefits, and Supplemental Security Income (collectively "benefits"). Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Webb discussed in the M&R. See M&R 2-3. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On April 5, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. §§ 404.1520, 416.920. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See M&R 3. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On May 27, 2005, the ALJ denied plaintiff's application for benefits. R. at 14-22. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Id. at 15. Next, the ALJ determined that plaintiff had the severe impairments of chronic obstructive pulmonary disease, coronary artery disease, hypertension, gouty arthritis, and alcohol dependence. Id. at 16. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment. Id. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform light work with a sit/stand option. Id. at 16-18. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to his past relevant work, which involved medium and heavy exertion. Id. at 19. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and concluded that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 19-20. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 20.

On July 28, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 5-8. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

Plaintiff essentially makes two objections to the M&R that challenge the sufficiency of the evidence relied on by the ALJ. First, plaintiff contends that the ALJ failed to consider plaintiff's Veterans Administration ("VA") disability ratings as allegedly required by Social Security Ruling 06-03p. Objs. to M&R 2-3; see Soc. Sec. R. 06-03p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006). In determining plaintiff's RFC, the ALJ discussed plaintiff's VA medical records. R. at 16-18; see id.

3

at 196-336. For example, the ALJ noted that Dr. Xiao Yan Qian of the VA Medical Center in Fayetteville restricted plaintiff from strenuous exercise and jobs in February 2002 and from heavy lifting in November 2003. Id. at 18. The ALJ did not discuss VA records documenting his service-connected disability rating of 50-100%. See, e.g., id. at 306. Specifically, the VA determined that plaintiff had a service-connected disability rating of 30% for arteriosclerotic heart disease, 10% for a duodenal ulcer, 10% for a flat foot condition, 10% for eczema, and a nervous condition that was service connected but not rated. Id. at 243.

On August 9, 2006, the Social Security Administration ("SSA") issued Ruling 06-03p clarifying, inter alia, SSA consideration of medical decisions issued by other governmental agencies. The Ruling states:

> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Soc. Sec. R. 06-03p, 2006 WL 2329939, at *7. The ALJ issued his decision on May 27, 2005. If the ALJ had the benefit of this policy interpretation on that date, the ALJ would have known of the need to explain how he considered plaintiff's VA disability rating. However, Ruling 06-03p did not become effective until two years after the ALJ issued his decision, and one year after the Appeals Commission denied review on July 28, 2006. The court agrees with the Sixth Circuit that Ruling 06-03p does not apply retroactively to appeals pending before the effective date of the Ruling. See Cruse v. Comm'r, 2007 WL 2752888, at *8 (6th Cir. Sept. 24, 2007) ("We are not aware of any constitutional or statutory requirement that the [SSA] apply its own policy interpretation rulings to

4

appeals then-pending in the federal courts, absent, of course, ex post facto or due process concerns not present here."). Accordingly, the ALJ was not required to discuss plaintiff's VA disability rating.

Further, that the ALJ did not discuss plaintiff's VA disability rating does not diminish the substantial evidence in the record for plaintiff's RFC to perform light work with a sit/stand option. See M&R 4-12. An ALJ need not discuss every piece of evidence. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Where, as here, substantial evidence supports the ALJ's findings, the court may not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589.

Next, plaintiff argues that the ALJ failed to evaluate plaintiff's impairments in combination with one another. Objs. to M&R 3-5. Plaintiff complains that the ALJ and M&R do not specifically discuss medical records from August and November 2004 showing that plaintiff suffered from moderately severe arterial disease that would impact his RFC. See id.; R. at 326, 337. As stated, before evaluating plaintiff's RFC, the ALJ found that plaintiff had coronary artery disease among several severe impairments. R. at 16. In assessing plaintiff's RFC, the ALJ considered the individual and cumulative effects of claimant's impairments and subjective complaints. The ALJ's opinion analyzes plaintiff's testimony and thoroughly reviews the medical records and physicians' opinions. Id. at 16-18. The ALJ fully explained the basis for plaintiff's RFC and reasons for discounting plaintiff's credibility. See id. Because substantial evidence supports the ALJ's decision, this objection is overruled. See Craig, 76 F.3d at 589.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is

5

DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This the 5 day of October 2007.

JAMES C. DEVER III
United States District Judge